[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10192

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL JEROME SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:12-cr-00262-TWT-JSA-1

_____

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Michael Smith, a federal prisoner now represented by counsel, appeals the district court's denial of his *pro se*[1] motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). No reversible error has been shown; we affirm.

In 2013, Smith pleaded guilty to two counts of robbery of a mail carrier, in violation of 18 U.S.C. § 2114(a), and to attempted burglary of a post office, in violation of 18 U.S.C. § 2115. Briefly stated, Smith's convictions stem from Smith's participation in two separate robberies of a U.S. Post Office in Conley, Georgia -- one of which involved holding a victim at gunpoint -- and an attempted burglary of the same post office. Smith is serving a sentence of 235 months' imprisonment.

In 2020 in district court, Smith moved *pro se* for compassionate release under section 3582(c)(1)(A), as amended by the First Step Act.[2] Smith sought relief based on the COVID-19 pandemic. Smith said his medical conditions (chronic hepatitis C, a liver tumor, and hypertension) and his age (62) put him at increased risk of serious illness if he were to contract COVID-19.

---

[1] We construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

The district court denied Smith's motion based on three independent alternative grounds. The district court first determined that Smith had offered no documentation of his alleged medical conditions and, thus, could show no extraordinary and compelling reason warranting compassionate release.

The district court next concluded that compassionate release was unavailable because Smith posed a threat to the community. In making that determination, the district court described Smith's criminal record as reflecting "a pattern of violence and criminality stretching over decades." The district court observed that the violent nature of Smith's underlying convictions was consistent with Smith's "track record [as] a career offender who committed violent offenses into his 50s" and further "underscore[d] the threat that Smith poses to the community."

The district court then determined that -- even if Smith could demonstrate an extraordinary and compelling reason warranting relief and that he posed no threat to the public -- a reduced sentence would be inappropriate in the light of the sentencing factors set forth in 18 U.S.C. § 3553(a). In particular, the district court determined that Smith's sentence of 235 months' imprisonment was necessary to reflect the seriousness of Smith's underlying robbery and attempted-burglary offenses, to promote respect for the law, and to provide just punishment.

We review for abuse of discretion the district court's decision about whether to grant or to deny a defendant compassionate release. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir.

2021).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

As amended by the First Step Act, section 3582(c)(1)(A) authorizes a district court to modify a term of imprisonment under these circumstances:

> [T]he court may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds . . . extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13.  *See* U.S.S.G. § 1B1.13; *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021).  Pertinent to this appeal, section 1B1.13 provides that the district court may reduce a term of imprisonment if the court determines that "the defendant is not a danger to the safety of any other person or to the community." *See* U.S.S.G. § 1B1.13(2); *id.* comment. (n.1).

We have said that a district court may reduce a defendant's term of imprisonment under section 3582(c)(1)(A) only if each of these three conditions is met: "(1) the § 3553(a) sentencing factors

favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). When the district court determines that a movant fails to satisfy one of these conditions, the district court may deny compassionate release without addressing the remaining conditions. *Id.* at 1237-38, 1240.

On appeal, Smith argues chiefly that the district court clearly erred by stating that Smith had submitted no documentation of his medical conditions. Smith contends further that the district court's alleged failure to consider his supporting documentation also tainted the district court's alternative rulings about dangerousness and about the section 3553(a) factors. According to Smith, the district court's purported error constituted an abuse of discretion warranting a remand for additional factfinding.

The record reflects that -- after the government opposed Smith's motion based in part upon a lack of medical records -- Smith supplemented his motion with 90 pages of documents. These documents included 68 pages of medical records, a list of Smith's prison job assignments, a course transcript, and class-completion certificates for classes Smith took while in prison.

Even when we assume that the district court overlooked Smith's supplemental documentation, nothing in the supplemental documents appears pertinent to the district court's determination that Smith's 235-month sentence was necessary to achieve the

purposes of sentencing set forth in section 3553(a).  Nor can we conclude that the supplemental documents -- including the documents that seem to corroborate statements in Smith's motion about his efforts at post-conviction rehabilitation -- are likely to have altered the district court's ruling that Smith posed a danger to the community.  In considering whether Smith posed a danger, the district court acknowledged expressly -- and did not dispute -- Smith's statements about his post-conviction rehabilitation.  The district court nevertheless concluded that Smith's mitigating evidence was outweighed by Smith's long history of violent crimes.

The district court abused no discretion in denying compassionate release based on a finding that Smith would pose a danger to the community if released.  In determining the potential danger posed by a defendant, the court considers these kinds of factors: (1) the nature and circumstances of the offense, including whether the offense involved a controlled substance or a firearm; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including his past conduct and criminal history; and (4) the nature and seriousness of the danger that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).

The record supports the district court's finding that Smith had a decades-long history of committing violent crimes.  According to the undisputed facts in the Presentence Investigation Report, Smith had two convictions for aggravated assault (one of which involved a firearm), a conviction for simple assault, and five convictions for battery or family-violence battery.  Given Smith's history

21-10192                Opinion of the Court                7

of violent offenses, Smith qualified as a career offender.  The nature and circumstances of Smith's underlying offenses of conviction -- committing two robberies and an attempted burglary, one of which involved a firearm -- also support a finding of dangerousness. *See* 18 U.S.C. § 3142(g)(1).

Given the serious nature of Smith's offenses and Smith's criminal history, we cannot say that the district court clearly erred in finding that Smith posed a danger.  That the district court afforded more weight to Smith's criminal record than the court did to other mitigating factors is no abuse of discretion.  *Cf. United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." (quotations and alteration omitted)).  The seriousness of Smith's underlying offenses also supports the district court's determination that a reduced sentence would be inconsistent with the section 3553(a) factors.

Because Smith failed to satisfy all three of the conditions necessary to justify a reduced sentence under section 3582(c)(1)(A), the district court abused no discretion in denying Smith's motion for compassionate release.  *See Tinker*, 14 F.4th at 1237-38, 1240.

AFFIRMED.